EASTERN DIST.
June, 1835.

SAVINGS BANK
OF NEW-ORLEANS
vs.
RICHARDS ET AL.

A failure of the consideration of a promissory note, by the misconduct of the payee, without the fault of the maker, will discharge the latter from his obligation.

---

## SAVINGS BANK OF NEW-ORLEANS *vs.* RICHARDS ET AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

The law requires notice of protest and non-payment of a promissory note, by the maker, to be given to the endorsers at the time; and this notice must be alleged and proved by other evidence than the instrument of protest, or they will not be liable.

Where a judgment was given against the maker and endorsers of a promissory note, *in solido*, and it appearing the endorsers were not

liable, for want of legal notice of protest for non-payment, and where the maker had no cause of appeal: *Held*, that judgment be affirmed as to the latter, with ten per cent. damages, as for a frivolous appeal; and reversed and judgment of non-suit entered in favor of the former.

EASTERN DIST.
*June,* 1835.

SAVINGS BANK
OF NEW-ORLEANS
*vs.*
RICHARDS ET AL.

This is an action on a promissory note for four hundred and sixty-eight dollars, payable twelve months after date, drawn by E. Richards, and endorsed by J. Gontz, and C. Janin, given to the New-Orleans Savings Bank. When the note became due, it was protested for non-payment. The petition alleges, that due notice of protest was given to the endorsers.

The defendants pleaded a general denial.

On the trial, the note and protest were the only evidence produced by the plaintiff, in support of his demand.

Judgment was rendered against all the defendants *in solido*, from which they all appealed.

The endorsers relied on want of *notice* of protest to them, and the absence of any proof to that effect, in order to obtain a reversal of the judgment.

*Maybin,* for the plaintiff, prayed an affirmance of the judgment against the maker of the note, with ten per cent. damages, as for a frivolous appeal.

*Morphy,* for the appellants.

*Bullard, J.,* delivered the opinion of the court.

This is an action against the maker and endorsers of a promissory note. The defendants pleaded a general denial; and judgment being rendered against them *in solido*, they appealed. Both the clerk and the judge certify, that the record contains all the evidence adduced on the trial, in the first instance. That evidence consists entirely of the note, as set forth in the petition, together with a regular protest. It is sufficient to establish the liability of the maker, but there is no evidence whatever in the record, of any notice to the endorsers, of non-payment, before the institution of this suit, nearly three months after the protest.

The law re-quires notice of protest and non-payment of a promissory note, by the maker, to be given to the endorsers at the time; and this notice must be alleged and pro-ved by other e-vidence than the instrument of protest, or they will not be lia-ble.

Where a judg-ment was given against the ma-ker and endorser

EASTERN DIST.
*June*, 1835.

of a promissory note, *in solido*, and it appearing the endorsers were not liable, for want of legal notice of protest for non-payment, and where the maker had no cause of appeal: *Held*, that judgment be affirmed as to the latter, with ten per cent. damages, as for a frivolous appeal, and reversed; and judgment of non-suit entered in favor of the former.

The law is two well settled to require any reference to authorities, that, without alleging and proving such notice to the endorsers, or something equivalent, they are not liable to the holder.

The appellee has prayed an affirmance of the judgment, with ten per cent. damages, as for a frivolous appeal.   As it relates to the maker of the note, who does not pretend to have any defence, we think the damages ought to be allowed; but, as it relates to the endorsers, the judgment must be reversed.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court, so far as concerns the defendant, E. Richards, be affirmed with costs, and ten per cent. damages; and that the judgment against Joseph Gontz and Charles Janin, be annulled and reversed, and ours is in their favor, as in the case of a non-suit, with costs as to them in both courts.